**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LYNN M. SISSON,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.;<br>RECONTRUST COMPANY;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br>ALDERUS FUNDING AND<br>INVESTMENTS LLC; COBY<br>BAKER; et al.,<br><br>    Defendants. | 2:10-CV-01464-PMP-LRL<br><br>**ORDER** |

  On August 30, 2010, Plaintiff Lynn M. Sisson, filed a Complaint against Defendants Bank of America, N.A.; Recontrust Company; Mortgage Electronic Registration Systems, Inc.; Alderus Funding and Investments LLC and Coby Baker alleging causes of actions for Fraudulent Foreclosure, Failure to Comply with RESPA Rules, Fraud Relating to MERS, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Quiet Title, Declaratory Judgment.

  On October 19, 2010, Defendants filed a Motion to Dismiss Plaintiff's Complaint (Doc. #3) on the grounds that Plaintiff's Complaint fails to state cognizable claims for relief. Notwithstanding Plaintiff's five volume Response (Doc. #7), the Court agrees.

1    Plaintiff's argument that the designation of MERS as the nominees' beneficiary on the deeds of trust is somehow improper and renders the security interest unenforceable, has been rejected repeatedly by this Court, and Court's throughout the country as noted in Defendants' Motion to Dismiss (Doc. #3). Robinson v. GE Money, 618 F. Supp. 2d 1184 (D. Ariz. 2009).  Plaintiff's claim under RESPA is barred by the applicable one year statute of limitations.  12 U.S.C. § 2614.  To the extent Plaintiff's Complaint could be read as asserting allegations under the Truth In Lending Act, are claims similarly barred under 15 U.S.C. § 1640(e).  To the extent Plaintiff's claims sound in fraud, there barred by Nevada's three year statute of limitations. NRS 11.190(3)(d).  Moreover, Plaintiff has failed to plead her claims of fraud with the particularly required under Rule 9(b) of the Federal Rules of Civil Procedure.  Plaintiff's claim for breach of contract must fail because Plaintiff fails to allege the terms of a contract which a Defendant allegedly breached, or for that matter, a contract even existed.  For the same reason, Plaintiff's claim for  breach of the covenant of good faith and fair dealings must fail.  Finally, the Court rejects Plaintiff's quiet title claim and claim for declaratory relief for the reasons set forth in Defendant's Motion to Dismiss (Doc. #3).

   In sum, although the Court recognizes Plaintiff's frustrations with her mortgage financing situation and her request to have the case decided on the "merits," as Defendant's point out in their Reply Memorandum (Doc. #11), such a request is impossible where the Complaint fails to state a claim upon which relief can be granted.

///
///
///
///

1 **IT IS THEREFORE ORDERED that** Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #3) is **GRANTED**.

DATED: November 22, 2010.

_____
PHILIP M. PRO
United States District Judge